IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA WILLIAMS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 08-135Erie |
| | ) | |
| GREG HULL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION [1]

Chief Magistrate Judge Susan Paradise Baxter

       On May 7, 2008, Plaintiff, a prisoner filed the instant action *pro se*. Plaintiff has named Greg Hull, a Correctional Officer, and Deputy Warden Vincent Kinnane, both of the Erie County Prison, as Defendants to this action.

       In his short complaint, Plaintiff alleged that on April 30, 2008,

> First of all I put a request slip in to ask the counselor for a greviance [sic] which read could I have a greviance [sic] about the shit they fed us the day before the food they served us was not cooked all the way so I was called up to desk and he told me I could not recive [sic] a greviance [sic] and so I told I was going to go to his supervisor so he decided to give me a misconduct ticket. And then I went to ask why was our mail being held and he would not commit so I asked for another grivance [sic] which was denid [sic]. So I had wife call the Warden Kinnane and she informed him as to what was going. And he stated to her he did not care.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 12, 21.

1

Document, # 7, Complaint (in its entirety).  Plaintiff claims that Defendants have violated his "due process of law prisoners rights to a grievance."  Id.  As relief, Plaintiff seeks monetary damages, as well as the "grievance procedure fixed."  Id.

In a later filing, Plaintiff expanded upon the allegations of his complaint and summarized his claims as:

> a. Plaintiff contends that the Defendants violated his First Amendment right to free speech when they retaliated and confined Plaintiff in his cell for eight (8) hours after he requested a grievance to complain about the inedible food he was served.
>
> b. Plaintiff alleges that his Fourteenth Amendment due process rights were violated when the Defendants imposed upon him an eight (8) hour period of lock-down in his cell.
>
> c. Plaintiff contends that the Defendants violated his Eighth Amendment right to decent conditions in prison when they served him food that was inedible.
>
> d. Plaintiff contends that the Defendants violated his First Amendment right to access to the courts by rejecting legal correspondence that was mailed to him; and
>
> e. Plaintiff alleges that his First Amendment and Fourteenth Amendment rights were violated by the Erie County Prison's handling of mail.

Document # 28, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, pages 3-4.

This Court has liberally construed Plaintiff's filings to encompass five claims: 1) Plaintiff claims that he was retaliated against after he requested a grievance in order to complain about the poor quality of the prison food; 2) Plaintiff claims the punishment of eight hours of cell confinement violated his due process rights; 3) Plaintiff claims the denial of a grievance process violates his constitutional rights; 4) Plaintiff claims that the poor quality of the food violates his Eighth Amendment rights; and 5) Plaintiff claims that his mail was mishandled thereby restricting his access to the courts in violation of his First and Fourteenth Amendment

2

rights.

In an Opinion and Order issued June 4, 2009, this Court dismissed the Eighth Amendment claims, the denial of grievance form claim, the mishandling of mail claim and the access to courts claims. Defendants motion for a more definite statement was granted and Plaintiff was ordered to file an amended complaint before Jun 19, 2009 to more fully allege his procedural due process and retaliation claims. Document # 33. This Order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute.

By Order dated September 15, 2009 Plaintiff was directed to show cause for his failure to file an amended complaint before September 25, 2009. Document # 37. This Order again warned that the failure to comply would result in the dismissal of this action for failure to prosecute.

As of today's date, Plaintiff has failed to file a complaint.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court will dismiss this matter.

3

Since the June 2009 Order of this Court directing Plaintiff to file an amended complaint, Plaintiff has taken none of the necessary steps to prosecute these claims.  Further, Plaintiff has ignored two recent orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA WILLIAMS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 08-135Erie |
| | ) | |
| GREG HULL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 16th day of October, 2009;

IT IS HEREBY ORDERED that this case be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts is directed to close this case.

                                                                    S/ Susan Paradise Baxter
                                                                     SUSAN PARADISE BAXTER
                                                                       United States Magistrate Judge